### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B. DEVINE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| RICHARD TERRY; NATHANSON, | : | |
| CIPRIANO & GAMBARDELLA, P.C.; | : | 3:13-CV-01023-VLB |
| MIDDLESEX HEALTH SYSTEMS, INC. | : | |
| d/b/a MIDDLESEX HOSPITAL; MIDDLESEX | : | |
| HOSPITAL SERVICES, INC. d/b/a | : | SEPTEMBER 30, 2014 |
| MIDDLESEX SURGICAL CENTER; | : | |
| MEDCONN COLLECTION AGENCY, LLC; | : | |
| DANIEL J. CASS; MARK E. | : | |
| LAUDENBERGER; LINDA JO SPENCER; | : | |
| JOANNE BROWN, | : | |
| Defendants. | : | |

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND

Plaintiff B. Devine ("Devine") brings this action against defendants Richard Terry ("Terry"), Nathanson, Cipriano & Gambardella, P.C. ("NCG," and collectively with Terry, the "NCG defendants"), Middlesex Health Systems, Inc., d/b/a/ Middlesex Hospital ("MSH"), Middlesex Hospital Services, Inc., d/b/a Middlesex Surgical Center ("MSHI"), Medconn Collection Agency, LLC ("Medconn"), Daniel J. Cass ("Cass," together with Medconn, the "Medconn defendants"), Mark E. Laudenberger ("Laudenberger"), Linda Jo Spencer ("Spencer"), and Joanne Brown ("Brown," and collectively with MSH, MSHI, Cass, Laudenberger, and Spencer, the "MSH defendants"). Plaintiff alleges claims under the Fair Debt Collections Practices Act ("FDCPA"), the Health Insurance Portability and Accountability Act ("HIPAA"), and various state law causes of action. For the

reasons described below, the motions to dismiss are granted as to all defendants, and plaintiff's motion to amend is denied.

## I. FACTS

Plaintiff initiated this matter by filing his first complaint in this court on July 17, 2013.  Plaintiff then filed his first amended complaint as a matter of course on August 5, 2013.  After motions to dismiss were filed on October 4, 2013 by the NCG defendants and October 18, 2013 by Medconn, plaintiff filed a motion on October 24, 2013 seeking leave to amend his complaint a second time, along with a proposed second amended complaint.  The MSH defendants then filed a motion to dismiss on November 4, 2013.  The court will first discuss the facts and claims presented in the first amended complaint, and then present the additional facts and claims asserted in the second amended complaint.

### A.  Amended Complaint

The following facts come from plaintiff's first amended complaint, unless otherwise noted.  NCG is a Connecticut law firm, of which defendant Terry is a member.  MSH is a medical service provider located in Middletown, Connecticut. MSHI is a wholly-owned subsidiary of MSH.  Medconn is a collection agency retained by MSH and MSHI.  Spencer and Laudenberger are both MSH employees responsible for the implementation and execution of privacy rules and regulations.  Brown is the financial administration officer for MSH, and is responsible for generating invoices for procedures "goods and/or services rendered" at MSH and MSHI.

MSH uses the Healthcare Common Procedure Coding System ("HCPCS"),[1] which is a coding system that assigns alpha-numeric codes to medical procedures, treatments, drugs, goods, services, and diagnoses.  MSH is the billing agent for both MSH and MSHI.  The HCPCS codes are readily available on the internet, at public and private libraries, and in the libraries of medical providers, including MSH's library.

Defendant Brown generated five invoices containing the following information about plaintiff: his date of birth; visit number; age; date of visit and/or admission date; time of admission; time and date of discharge; telephone number; item number; medical record number; the HCPCS code(s), together with a written summary of the goods and/or services performed.  Plaintiff alleges that in doing so, Brown failed to follow the established policy guidelines of MSH and MSHI, which are mandated by HIPAA and a Connecticut privacy statute, and which require that the above-listed personal data not be disclosed to unauthorized third parties.

MSH and MSHI then sent unredacted copies of those five invoices to Medconn.  Medconn then sent unredacted copies of those five invoices to the NCG defendants, and the NCG defendants then filed suit against plaintiff in Connecticut Superior Court, Middlesex County.  Plaintiff asserts that his personal identifiable information was not necessary for MSH and MSHI to carry out their health care operations, nor was it necessary for such information to be provided to the Medconn defendants or the NCG defendants.

---

[1] These codes are sometimes referred to as "CPT" codes.

Plaintiff asserts that MSH is a "non-legal entity" with no standing to file suit.  Am. Compl. ¶ 35.  Plaintiff alleges that MSH gives its patients a permission form that is "predatory in nature," does not disclose the terms and conditions of treatment, and does not state the fees for the services to be provided or the costs of any goods to be provided to the patient.  Plaintiff also alleges that neither MSH nor MSHI has a valid contract or agreement with the plaintiff for payment of goods and/or services, and that the NCG defendants do not have a valid contract with MSH authorizing the NCG defendants to institute a collection action on behalf of MSH.

Plaintiff seeks the following relief in this action: (1) money damages of $100,000.00 jointly and severally recoverable from the MSH defendants for "breach of fiduciary duty of medical confidentiality"; (2) money damages of $100,000.00 jointly and severally recoverable from the MSH defendants for breach of "contractual agreement of medical confidentiality"; (3) money damages of $100,000.00 jointly and severally recoverable from the MSH defendants for invasion of privacy and breach of medical confidentiality; (4) money damages of $100,000.00 jointly and severally recoverable from the Medconn defendants and the NCG defendants for breach of the FDCPA; (5) ) money damages of $100,000.00 jointly and severally recoverable from the Medconn defendants for breach of the "fiduciary duty of medical confidentiality"; (6) money damages of $100,000.00 jointly and severally recoverable from the Medconn defendants for breach of a "contractual agreement of medical confidentiality"; (7) money damages of $100,000.00 jointly and severally recoverable from the Medconn

defendants for invasion of privacy and breach of medical confidentiality; (8) a permanent injunction prohibiting the MSH defendants from disclosing non-essential personal identifiable information to any third party without written consent of the patient; and (9) punitive damages.

MSH brought a suit in Connecticut Superior Court to recover the cost of medical services provided to the plaintiff.  On November 1, 2013, the state court issued an order titled "Memorandum of Decision After Trial," in which the court found that MSH had sustained its burden of proof regarding the allegations in its complaint, and that defendant had not sustained his burden of proof as to any special defense, and entered judgment against plaintiff in the amount of $52,355.00.  Order, *Middlesex Hospital v. Devine*, No. MMXCV126008217S (Nov. 1, 2013), Dkt. No. 125.00.[2]  Plaintiff took an appeal of that decision to the Connecticut Court of Appeals, which is still pending as of the time of this opinion.

**B. Proposed Second Amended Complaint**

In his proposed second amended complaint, plaintiff proposes to add a number of allegations to support his FDCPA claim, including allegations establishing that certain defendants are debt collectors as that term is defined in the FDCPA, allegations challenging the validity of the debt at issue, and allegations regarding the defendants' conduct in collecting that debt.  Plaintiff

---

[2] The court may take notice of this Order, as the parties are clearly on notice of the existence of this litigation and the filings and rulings therein. *Cf. Gertskis v. United States EEOC*, No. 11 Civ. 5830, 2013 U.S. Dist. LEXIS 39110, at *5-6 (S.D.N.Y. Mar. 20, 2013) ("A district court reviewing a motion to dismiss may also consider documents of which it may take judicial notice, including pleadings and prior decisions in related lawsuits.").

also adds further allegations in support of his claim for violation of HIPAA and Connecticut state privacy laws.

## 1. Amended FDCPA Allegations

Plaintiff alleges that defendant Terry is a debt collector as defined in 15 U.S.C. § 1962a(6), and that Terry regularly appears in court for the sole purpose of collecting debts on behalf of MSH and other financial institutions.  2nd Am. Compl. at p. 2.  Plaintiff also alleges that NCG is a debt collector as defined in section 1962a(6) because its employees, including Terry, regularly appear as attorney of record for institutions in collections actions, and that the bulk of the income of the NCG defendants is derived from the practice of collecting debts. 2nd Am. Compl. at p. 2.  Plaintiff further alleges that at least one employee of NCG contacted plaintiff directly via written correspondence on multiple occasions, in an attempt to collect debts.  Plaintiff alleges that Medconn is a debt collector as defined in section 1962a(6), and that one or more employee of Medconn contacted plaintiff directly via written correspondence on multiple occasions, in an attempt to collect debts.

Plaintiff raises a number of challenges to the legitimacy of the debts at issue: (1) that MSH and MSH do not have a valid contract or agreement with plaintiff for payment of goods and/or services rendered by MSH and/or MSHI; (2) that the invoices failed to establish that the goods and services for which plaintiff was billed were actually provided to plaintiff; (3) that he did not give permission to receive the goods and services for which he was billed; (4) that one of the invoices was an incorrect double-billing; (5) that two of the invoices are invalid

6

because the services were rendered by MSHI, but the bills were generated by MSH rather than MSHI.  2nd Am. Compl. ¶¶ 13-14, 16-17, 32-33.

Plaintiff alleges that both the Medconn defendants and the NCG defendants would have discovered that the debts they attempted to collect were "a total fabrication" if they had attempted to verify those debts, and that by failing to verify the debts the Medconn defendants and NCG defendants violated section 1692g(a).

Plaintiff argues that Brown committed perjury in the state court collection action by testifying on August 1, 2013 that the physician who rendered the services to plaintiff was an employee of MSH, when in fact that physician was employed by an independent medical corporation.  2nd Am. Compl. ¶ 15.

For two of the debts, plaintiff argues that the "proper party in interest" was MSHI, and that because the Medconn defendants and NCG defendants did not execute retainer agreements with MSHI, those defendants violated the FDCPA by attempting to collect on debts for which they had no retainer agreement.  2nd Am. Compl. ¶¶ 18-20.  Plaintiff alleges that the Medconn defendants and NCG defendants falsely represented to plaintiff and to the state court that they in fact had a retainer agreement with MSHI.  Plaintiff later asserts more generally that both the Medconn defendants and the NCG defendants violate the FDCPA because neither defendant has a valid contract to collect debts on behalf of either MSH or MSHI.  2nd Am. Compl. ¶ 34.

The Medconn defendants sent plaintiff a letter dated April 29, 2011 in which they set his outstanding debt at $53,066.00.  The NCG defendants sent plaintiff a

second letter on May 16, 2012, in which he set the outstanding debt at only $52,081.00.  Later on August 1, 2013,  Defendant Brown testified in the state court action that the debt owed was $52,355.00.  Plaintiff alleges that all of these communications were "false" and "misleading."  2nd Am. Compl. ¶¶ 29-30.

Plaintiff also alleges that defendants entered into a conspiracy to violate the FDCPA.  Plaintiff asserts that the acts of MSH in retaining the NCG defendants and the Medconn defendants to collect outstanding debts constituted a conspiracy that resulted in numerous violations of the FDCPA.  Plaintiff alleges that MSH knew or should have known that the NCG defendants and Medconn defendants were engaging in unlawful debt collection practices, and that MSH was negligent in failing to make a reasonable inquiry into the nature of NCG's and Medconn's debt collection policies and practices.  2nd Am. Compl. ¶ 11.

## 2. Amended HIPAA and Connecticut Privacy Law Allegations

Plaintiff also bolsters his HIPAA and state law privacy claim in the proposed second amended complaint, arguing that the NCG defendants violated HIPAA by providing unredacted copies of his medical invoices to the law firm of Fontaine Alissi, P.C. ("Fontaine Alissi") and allowing Fontaine Alissi to attach those documents as exhibits to the NCG defendants' motion to dismiss filed in this action on October 4, 2013.  Plaintiff asserts that the MSH defendants failed to make the reasonable efforts to avoid releasing his confidential data as required by 45 CFR 164.502.

## II. STANDARD OF REVIEW

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. U.S.*, 678 F.3d 147, 152 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and quotation omitted). During a motion to dismiss, the court is still "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, the complaint must still contain sufficient factual allegations to meet facial plausibility. *See Bilodeau v. Pillai*, No. 3:10-cv-1910, 2011 U.S. Dist. LEXIS 93346, at *2 (D. Conn. Aug. 22, 2011).

In regards to plaintiff's motion to amend, Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Yet, this broad standard to freely give leave to amend does not mean courts must heedlessly grant every request to amend. "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.,* if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted).

## IV. ANALYSIS

The MSH defendants make the following arguments in support of their motion to dismiss: (1) HIPAA provides no private right of action; (2) the court should refrain from ruling on plaintiff's claim of breach of contract pursuant to

the *Colorado River* abstention doctrine; (3) plaintiff has failed to adequately plead a claim for breach of fiduciary.

The Medconn defendants make the following arguments in support of their motion to dismiss: (1) HIPAA does not provide a private right of action; (2) plaintiff fails to adequately allege a claim under the FDCPA; (3) Medconn was not a fiduciary of plaintiff, and as such cannot be liable for breach of fiduciary duty of medical confidentiality; (4) plaintiff does not adequately allege a claim for breach of contractual agreement of medical confidentiality; (5) plaintiff does not adequately allege a state law claim for invasion of privacy; (6) the case should be dismissed or stayed pending resolution of the Connecticut state court collections action pursuant to the *Colorado River* abstention doctrine.

The NCG defendants raise the following arguments in support of their motion to dismiss: (1) MSH has standing to bring a state court collections action in Connecticut; (2) the FDCPA does not require NCG to have a written agreement to act on the collection of a debt; and (3) defendant Terry is not a debt collector as defined by the FDCPA and therefore cannot be individually under the FDCPA.

Because plaintiff has failed to adequately allege a claim under the FDCPA, and HIPAA provides no private right of action, the court declines to exercise supplemental jurisdiction over plaintiff's state claims, and therefore does not consider defendants' arguments with respect to those claims.

## A. FDCPA Claims

Construing plaintiff's complaint in his favor, the court can discern the following claims in plaintiff's first amended complaint alleged under the FDCPA:

(1) that MSH lacks standing to bring a state court collection action; (2) the Medconn defendants and the NCG defendants do not have a written agreement to collect debts owed by plaintiff on behalf of MSH; and (3) that defendants violated the FDCPA by attempting to collect upon illegitimate debts.

In his proposed second amended complaint, the court can discern the following additional claims asserted in addition to the claims raised in the first amended complaint:  (1) that the Medconn defendants and the NCG defendants failed to verify the legitimacy of the underlying debts; (2) defendants made misrepresentations as to the amount owed; (3) MSH lacks standing to sue for debts incurred for procedures performed at MSHI; (4) perjury by defendant Brown in the state court collections action; (5) a claim for conspiracy to violate the FDCPA; and (6) that the NGC defendants violated section 1692g(a) by attempting to collect on a duplicative bill.

The express "purpose of [the FDCPA] is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  In order to sufficiently plead a violation of the FDCPA the complaint must allege the following three elements: (1) that the plaintiff is a "consumer" who allegedly owes a debt or a person who has been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt is a "debt collector" as that term is defined by the FDCPA; and (3) that the defendant has engaged in any act or omission in violation of the

FDCPA.  *See Pape v. Amos Fin., LLC*, No. 13cv63, 2014 U.S. Dist. LEXIS 27047, at *7 (D. Conn. Mar. 4, 2014).

It is undisputed that plaintiff has adequately plead the first element, that he is a consumer who allegedly owes a debt.  In regards to the second element, the NCG defendants argue that plaintiff's amended complaint fails to allege that defendant Terry is a debt collector.  Although plaintiff added allegations to his proposed second amended complaint that appear aimed at establishing that defendant Terry is a debt collector, the court need not consider whether the plaintiff has adequately alleged that Terry is a debt collector at this time, as the court finds that plaintiff has not adequately plead the third element, that defendant engaged in any act or omission in violation of the FDCPA.

In his amended complaint, plaintiff does not explicitly invoke any particular section of the FDCPA, referring generally to the FDCPA.  In his proposed second amended complaint, plaintiff explicitly alleges violations of sections 1692g and 1692e.  Because plaintiff is pro se, the court has looked broadly at the FDCPA, to determine if plaintiff has plead allegations sufficient to raise a claim under any of the sections he has not explicitly invoked.  Of these sections, section 1692f, which prohibits the use of unfair or unconscionable means to collect a debt, including among other things, the collection of any amount that is not expressly authorized by the agreement creating the debt or permitted by law, is the only section of the FDCPA not explicitly named by the plaintiff that the court can discern as potentially invoked by the allegations in plaintiffs' amended complaint or his proposed second amended complaint.

## 1. MSH Has No Standing to Bring a State Court Collection Action

In his amended complaint, and again in his proposed second amended complaint, plaintiff alleges that the NCG defendants violated the FDCPA by bringing suit on behalf of MSH because MSH is a "non-legal entity . . . with no legal standing to sue . . ."  Am. Compl. ¶ 35; 2nd Am. Compl. ¶ 63.  Plaintiff provides no factual support for this assertion, and cites to no specific section of the FDCPA, nor can the court cannot discern what section of the FDCPA is invoked by this allegation.  It is a basic tenet of our legal system that corporations and similar entities have standing to sue and be sued.  Indeed, plaintiff himself invoked that principle when he named MSH and MSHI as defendants in this action and served them with summons, causing them to appear in this action.  This argument is not actionable and it must be dismissed without leave to replead.

## 2. Failure to Have a Written Agreement to Collect the Debt

Plaintiff alleges in his amended complaint that the NCG defendants violated the FDCPA by failing to have a valid agreement to collect debts on behalf of MSH.  Am. Compl. ¶ 8.  Plaintiff repeats this claim in his proposed second amended complaint, and also alleges the same violation against the Medconn defendants.  2nd Am. Compl. ¶¶ 34-35.  Plaintiff does not allege how he knows that there is no contract or agreement between MSH or MSHI and the NCG defendants and/or the Medconn defendants.  Further, plaintiff's amended complaint contains contradictory allegations on this point; plaintiff also alleges that Medconn "is a collection agency retained by [MSH and MSHI]."  Am. Compl. p. 2.  In his

proposed second amended complaint plaintiff alleges that both Medconn and NCG were retained by MSH and MSHI to collect outstanding debts.  2nd Am. Compl. pp. 7, 10.  In his amended complaint, plaintiff does not cite to a specific section of the FDCPA in support of his claim, though he does cite to section 1692e in his proposed second amended complaint.

Section 1692e forbids a debt collector from making any "false, deceptive, or misleading representation," and provides a non-exhaustive list of conduct that is prohibited.  Plaintiff's allegation regarding the lack of retainer agreements does not fall within any of the specifically enumerated prohibitions of section 1962e.  Although the statute appears to allow for a plaintiff to make a claim that a debt collector has generally made a "false, deceptive, or misleading representation," because of the contradictory allegations in plaintiff's complaint, and because his allegations in support of this claim are naked assertions devoid of further factual enhancement, plaintiff has failed to adequately allege a claim for violation of section 1692e.  For the above reasons, this claim is dismissed and the motion to amend is denied as futile insofar as it seeks to add this claim.  If plaintiff wishes to reassert this claim, he must file a motion to amend, accompanied by an amended complaint that adequately alleges a violation of section 1692f, which allegations must be more than naked assertions unsupported by factual enhancement, on or before October 14, 2014.  Failure to file a motion to amend on or before October 14, 2014, pleading inconsistent facts as to the existence of an agreement, or failure to include sufficient factual allegations in support of the

claims made in the proposed third amended complaint will result in final dismissal of this action.

### 3.  Attempts to Collect Illegitimate Debts in Violation of the FDCPA

Plaintiff's amended complaint contains challenges to the underlying debt and assertions that the agreement used by the MSH defendants is "predatory in nature" and that "MSH and MSHI do not have a valid contract and/or agreement with the plaintiff for payment of goods and/or services . . . ."  Am. Compl. ¶¶ 4, 7. Plaintiff raises this argument again in his proposed second amended complaint. 2nd Am. Compl. ¶¶ 6, 33.  Indeed, one of the major themes of both the amended complaint and the proposed second amended complaint is a challenge to the legitimacy of the underlying debt. Although he does not invoke it explicitly, these allegations could be construed as a putative section 1692f(1) claim if the court reads the complaint generously.

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt" and explicitly forbids "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1); *see also Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 308 (2d Cir. 2003) (a "cause of action under § 1692f(1) requires a showing that defendants attempted to collect an amount not expressly permitted either by the agreement creating the debt or by law.").

Even construing plaintiff's complaint generously, he has failed to state a claim for a violation of section 1692f, as plaintiff's complaint does not specify which amounts, if any, are not expressly authorized by the service agreements signed by plaintiff.  Plaintiff's naked assertions that MSH and MSHI did not have valid contracts with plaintiff are unaccompanied by any factual enhancement whatsoever, and thus plaintiff has failed to adequately allege that those agreements are invalid.  Further, from a review of the agreements attached to the NCG defendants' motions to dismiss, although it appears that portions of the agreements have been crossed out or otherwise marked up, the court notes that the portion of the agreement in which plaintiff agrees to pay all of the costs of service, as well as any collection costs incurred, is unaltered.  Dkt. 36, Ex. B at 1, 3, 4, 7.  The agreements creating the debt state:

> I understand that I am obligated to pay the account of Middlesex Hospital in accordance with the regular rates and terms of the hospital. I owe and agree to pay Middlesex Hospital for any and all charges not actually paid by insurance benefits. If my account is not paid, I will pay all court costs, attorney's fees and other costs incurred by Middlesex Hospital to collect the balance owed

*Id.*[3]  Although the court makes no finding here regarding the validity of these contracts, they demonstrate how the plaintiff's complaint is lacking in adequate

---

[3] On a motion to dismiss, the court may consider "'matters of which judicial notice may be taken' and 'documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'"  *Datto, Inc. v. Braband*, 856 F. Supp. 2d 354, 363 (D. Conn. 2012) (quoting *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).  In his amended complaint plaintiff challenges the validity of the contract for services he signed with the MSH defendants and alleges that the MSH defendants breached the "contractual agreement of medical confidentiality."  Am. Compl. Prayer for Relief ¶ 2.  The

allegations.  Additionally, neither the amended complaint nor the proposed second amended complaint contains any factual allegations that even come close to suggesting that either the NCG defendants or the Medconn defendants used "unfair or unconscionable" means in an attempt to collect the debts.  Finally, while the plaintiff alleges that the defendants stated that he owed varying amounts of debt on three separate occasions, he does not allege that these amounts were not in fact the amount he owed at the time the statement was made or that the variations were not due to private insurance, Medicare, Medicaid or other payments or credits, write-offs, interest, court costs, attorney's fees, collection fees or other charges.  As plaintiff has failed to adequately allege this claim, it is dismissed.  If plaintiff wishes to reassert this claim, he must file a motion to amend, accompanied by an amended complaint that adequately alleges a violation of section 1692f, which allegations must be more than naked assertions unsupported by factual enhancement, on or before October 14, 2014.  Failure to file a motion to amend on or before October 14, 2014, or failure to include sufficient allegations in the proposed amended complaint will result in final dismissal of this action.

## 4. Failure to Verify the Legitimacy of the Debt in Violation of 1692g

Plaintiff alleges in his proposed second amended complaint that the Medconn defendants and the NCG defendants violated section 1692g(a) because they "failed to verify, neglected to establish, the facts and circumstances that

---

court finds that it may consider these documents on this motion to dismiss as the plaintiff clearly had knowledge of these agreements and relied on them in bringing suit.

gave rise to the alleged debt, . . . and the legitimacy there of, when in fact, said debt is a total fabrication, and an inquiry would have revealed same as such, . . ." 2nd Am. Compl. ¶¶ 13-17, 22-25.  The heart of plaintiff's 1692g claim is his assertion that the underlying debts are illegitimate. The facts alleged do not assert a claim cognizable under section 1692g(a).

Section 1692g(a) requires a debt collector to send the consumer, within five days of the initial communication, a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, statements regarding the consumer's right to dispute the debt within thirty days of receipt of the notice, and a statement about the consumer's right to request the name and address of the original creditor.

Only if a consumer disputes a debt within thirty days of receipt of notice, section 1692g(b) requires the debt collector to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b). Although the FDCPA does not define what it means to obtain "verification" of the debt, many courts have found, and this court agrees, that it does not require the debt collector to do anything more than confirm the amount of the debt and the identity of the creditor, and relay that information to the consumer.  *See, e.g.*, *Poulin v. Thomas Agency*, 760 F. Supp. 2d 151, 159 (D. Me. 2011) (collecting cases).  This provision of the FDCPA "is not intended to give a debtor a detailed

accounting of the debt to be collected." *Poulin*, 760 F. Supp. 2d at 160.  Rather, "verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Poulin*, 760 F. Supp. 2d at 160 (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)).  "Verification of a debt requires only that the debt collector obtain a written statement that 'the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." *Derisme v. Hunt Leibert Jackson P.C.*, 880 F. Supp. 2d 339, 370 (D. Conn. 2012) (quoting *Bascom v. Dubin*, No. 03-cv-6160T, 2007 U.S. Dist. LEXIS 5349, at *7 (W.D.N.Y. Jan. 25, 2007)); *see also Webster v. ACB Receivables Mgmt.*, No. SKG-12-3620, 2014 U.S. Dist. LEXIS 55575, at *39 (D. Md. Apr. 22, 2014) ("verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.") (quoting *Chaudhry*, 174 F.3d at 406)).

Plaintiff does not allege in his complaint that defendants failed to provide the notice required by 1692g(a), nor does he allege that he disputed the debt within the thirty-day period described in 1692g(a), which would have triggered the requirements of 1692g(b).  Even if the court were to assume for the purpose of deciding this motion to dismiss that plaintiff had in fact disputed the debt, plaintiff has not adequately alleged a violation of section 1692g, as the NCG defendants and Medconn defendants were not required to determine the legitimacy of the underlying debts, and there is no allegation that they failed to verify the amount of the debt and the identity of the creditor.  As a result,

plaintiff's proposed 1692g claim is not actionable, and thus his motion to amend is denied as futile insofar as it seeks to add this claim.

## 5. Misrepresentations of Amount Owed in Violation of Section 1692e

In his proposed second amended complaint, plaintiff alleges that defendants violated section 1692e by making three separate communications that were false and misleading with respect to the amount of debt owed: (1) a letter sent by the Medconn defendants dated April 9, 2011, in which they communicated that he owed $53,066.00;  (2) a letter sent by the NCG defendants dated May 16, 2012, in which they set the amount of his debt at $52,081.00; and (3) testimony from a witness elicited by the NCG defendants in state court during the collections action that his amount owed was $52,355.00.  2nd Am. Compl. ¶¶ 29-30.   As previously noted, section 1692e forbids a debt collector from making any "false, deceptive, or misleading representation," and specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt; . . ." 15 U.S.C. § 1692e(2)(A).

Plaintiff's assertions that these amounts were false and misleading are conclusory allegations completely devoid of any factual enhancement.  Plaintiff does not allege how the amounts named by the defendants were false and misleading.  Although defendants named three different amounts at three different times, nothing in the complaint suggests that these were false and misleading.  Differences in the representations of the amounts owed could be caused by any number of reasons, including but not limited to (1) interest accumulating on the debt and/or the inclusion of the fees and costs associated

with collecting the debt;[4] (2) payments on the debt made by plaintiff or on his behalf; (3) a decision by the defendants to make an offer to settle for less than was owed.  A bald assertion that the amounts were false and misleading is insufficient to state a claim for violation of section 1692e.

Additionally, the court notes that the statute of limitations for FDCPA claims requires that they be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k.  "Where a plaintiff alleges multiple debt collection communications violating the FDCPA, each communication is treated as a distinct claim whose timeliness is analyzed separately."  *LaCourte v. JP Morgan Chase & Co.*, No. 12 Civ. 9453, 2013 U.S. Dist. LEXIS 129993, at *22 (S.D.N.Y. Sept. 4, 2013) (citation omitted).  This action was filed on July 17, 2013. Because the challenged letters were dated April 9, 2011 and May 16, 2012, it is very likely that these claims are barred by the statute of limitations.  Equitable tolling may be applied to this statute of limitations if the following elements are satisfied: "(1) the defendant concealed from him the existence of his cause of action; (2) he remained in ignorance of that cause of action until some length of time within the statutory period before commencement of his action; and (3) his continuing ignorance was not attributable to lack of diligence on his part."  *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) (citing *New*

---

[4] The court notes that the agreements signed by plaintiff, which the court may consider on this motion to dismiss, *see* supra footnote 3, copies of which are attached as exhibits to the Medconn defendants' motion to dismiss, include language by which plaintiff agreed to pay the costs of collection, including "all court costs, attorney's fees and other costs incurred by [MSH] to collect the balance owed."  Dkt. 36, Ex. B at 1; *see also* Dkt. 36, Ex. B at 3, 4, 7 (containing the same or substantively identical language).

*York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988)); *see also Derisme v. Hunt Leibert Jackson P.C.*, 880 F. Supp. 2d 339, 354-55 (D. Conn. 2012). However, plaintiff's complaint contains no allegations that would support a claim for equitable tolling.

In regards to the third representation, plaintiff alleges that defendant Brown, an employee of MSH made false and misleading representations regarding the amount of the debt when she testified in the state court collection action that the amount of debt was $52,355.00. However, plaintiff has not alleged that Brown or any of the MSH defendants is a debt collector as defined by the FDCPA, nor alleged any facts that could create an inference that any of MSH defendants could be considered debt collectors under the FDCPA. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Creditors attempting to collect their own debts, such as the MSH defendants in this case, are generally excluded from the FDCPA's definition of "debt collector," and are thus exempt from liability under the FDCPA. *See, e.g., Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 130-31 (E.D.N.Y. 2005) (discussing creditors' exemption under FDCPA). The exception to that rule is the instance where a creditor attempts to collect its debts "[using] any name other than his own which would indicate that a third person is collecting or

attempting to collect such debts."  15 U.S.C. § 1962a(6).  Stated more succinctly, a creditor may be held liable "if, in the course of collecting its own debts, it 'pretends to be someone else' or 'uses a pseudonym or alias.'"  *Carlson*, 378 F. Supp. 2d at 131 (quoting *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998)).  To determine whether a creditor should be considered a "debt collector" under the FDCPA, the court does not consider "whether the entity engaged in collection is, in fact, a separate corporate entity," rather, "the issue is whether, under the particular factual circumstances present, the 'least sophisticated consumer would have the false impression that a third party was collecting the debt.'"  *Carlson*, 378 F. Supp. 2d at 131 (quoting *Maguire*, 147 F.3d at 235).  Further, "[a] creditor's in-house collection agency is not a debt collector, within the meaning of the FDCPA, so long as the agency . . . 'collects its own debts in the true name of the creditor or a name under which it has consistently done business.'"  *Carlson*, 378 F. Supp. 2d at 131 (quoting *Maguire*, 147 F.3d at 235).  Plaintiff has plead no facts that indicate that the MSH defendants used a pseudonym or an alias in attempting to collect debts from plaintiff, and thus he has failed to adequately allege that any of the MSH defendants is a debt collector as that term is defined in the FDCPA.  Plaintiff attempts to attribute the trial testimony to the NCG defendants by arguing that they elicited the testimony during the state court collection action.  2nd Am. Compl. ¶ 30.  However, plaintiff has not plead sufficient allegations to attribute the testimony of the witness to the attorney questioning that witness.  The testimony belongs to the witness, not the attorney.

Because it would be futile to allow plaintiff to amend his complaint to include this claim, the motion to amend is denied.  If plaintiff wishes to replead this allegation, he must file a motion for leave to amend, supported by a memorandum of law explaining why his claim is not barred by the statute of limitations or by his failure to adequately allege that the MSH defendants are debt collectors, together with a proposed third amended complaint, on or before October 14, 2014.  Failure to file a motion to amend on or before October 14, 2014, failure to adequately explain why his claims are not barred by the statute of limitations, and/or failure to adequately allege that the MSH defendants are debt collectors may result in the final dismissal of this claim.

### 6.  MSH Lacks Standing to Collect Debts for Procedures Performed at MSHI

Plaintiff alleges in his proposed second amended complaint that the NCG defendants violated section 1692g(a) by "[failing] to verify, and [neglecting] to establish, the facts and circumstances that gave rise to the alleged debts in the amount of $147.00, and $41,464.00, and the legitimacy there of, when in fact, the proper party in interest was the defendant Middlesex Hospital Services, Inc., and an inquiry would have revealed same as such, . . ."  2nd Am. Compl. ¶ 17.

If plaintiff is arguing that the NCG defendants violated section 1962g(a) because they failed to verify the legitimacy of the debt, that argument is not cognizable as described above in Part IV.A.4, and the motion to amend must be denied as futile as to this claim.

Viewing plaintiff's complaint in the light most favorable to plaintiff, it is possible that plaintiff is in fact attempting to assert a section 1692e claim that the

NCG defendants misrepresented the identity of the creditor, by asserting that the debt was owed to MSH, when in fact it was owed to MSHI.  However, plaintiff has failed to adequately allege such a claim.  Although plaintiff alleges that MSHI and MSH are separate entities, plaintiff's own complaint also alleges that MSH is "the billing agent for MHSI [sic] and MSH," suggesting that there was no misrepresentation as to the identity of the holder of the debt. Am. Compl. ¶ 3. Further, plaintiff has not alleged when and where any alleged misrepresentation was made to plaintiff.  Because plaintiff has failed to adequately allege this claim in his proposed second amended complaint, the motion to amend must be denied as to this claim.  If plaintiff wishes to reassert this claim, he must file a motion to amend, accompanied by an amended complaint that adequately alleges these claims on or before October 14, 2014.  Failure to file an amended complaint containing sufficient allegations on or before October 14, 2014 will result in final dismissal of this action.

### 7.  Perjury in State Court Collections Action in Violation of Section 1692g(a) and Section 1692e

Plaintiff alleges that defendant Brown committed perjury in the state court collection action when she identified a physician who treated plaintiff, and for whose services plaintiff was apparently billed $6,991.00, as an employee of MSH, when in fact that physician was "an employee of an independent professional medical corporation." 2nd Am. Compl. ¶ 15.  Plaintiff alleges that this was a violation of section 1692g(a) and section 1692e(2)(A) of the FDCPA.

The court cannot discern how this alleged perjury is a violation of section 1692g.  Nor has the Plaintiff asserted the legal basis on which this court has

jurisdiction to redress this claim.  *See, e.g.*, *Alberta Gas Chemicals, Ltd. v. Celanese Corp.*, 650 F.2d 9 (2d Cir. 1981).  If plaintiff is asserting that defendant Brown failed to verify the legitimacy of the underlying debt, that argument is not cognizable, as explained above in Part IV.A.4.

In regards to section 1692e(2)(A), which as noted above prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," plaintiff has not adequately alleged facts to show that the identity of the physician's employer is a false representation regarding the "character, amount, or legal status" of the alleged debt.

Finally, as noted above in Part IV.A.5, plaintiff has failed to allege that defendant Brown or any of the MSH defendants are debt collectors, and thus subject to liability under the FDCPA.  As a result, the motion to amend must be denied as futile as to this claim.   If plaintiff wishes to reassert this claim, he must file a motion to amend, accompanied by an amended complaint that adequately alleges that Brown is a debt collector as that claim is defined in the FDCPA, which allegations must be more than naked assertions unsupported by factual enhancement, on or before October 14, 2014.  Failure to file an amended complaint containing sufficient allegations on or before October 14, 2014 will result in final dismissal of this action.

## 8. Conspiracy to Violate the FDCPA

Plaintiff attempts to allege in his proposed second amended complaint that all of the defendants are involved in a conspiracy to violate the FDCPA.  Plaintiff alleges that "[t]he act(s) of the defendant MSH, as a principal, in retaining [the

NCG defendants and the Medconn defendants], as debt collectors, . . . constituted a conspiracy, that resulted in numerous violations of the provisions of 15 USC 1692, by the [NCG defendants and Medconn defendants], . . ." 2nd Am. Compl. ¶ 10.  Plaintiff cannot sustain a conspiracy claim, as he has failed to adequately allege an underlying violation of the FDCPA.  *Cf.  Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 739 F. Supp. 2d 109, 114 (D. Conn. 2010) (noting that in Connecticut, "to state a cause of action, a claim of civil conspiracy must be joined with an allegation of a substantive tort.") (quoting *Macomber v. Travelers Prop. And Casualty Corp.*, 894 A. 2d 240, 244 (Conn. 2006)).  The motion to amend is thus denied as futile with respect to this claim.  If plaintiff wishes to reassert this claim, he must file a motion to amend, accompanied by an amended complaint that adequately alleges violations of the FDCPA, which allegations must be more than naked assertions unsupported by factual enhancement, on or before October 14, 2014.  Failure to file a motion to amend on or before October 14, 2014, or failure to include sufficient allegations in the proposed amended complaint will result in final dismissal of this action.

## 9. Duplicative Bill in Violation of Section 1692g(a)

Plaintiff alleges in his proposed second amended complaint that the NCG defendants violated section 1692g(a) by "[failing] to verify, and [neglecting] to establish, the facts and circumstances that gave rise to the alleged debt in the amount of $913.00, and the legitimacy there of, when in fact, said debt was a double billing, for which the defendant MSH was not entitled, and an inquiry would have revealed same as such, . . ."  2nd Am. Compl. ¶ 16.  It appears the

plaintiff is alleging that the NCG defendants violated section 1692g(a) by failing to verify the legitimacy of the $913.00 debt.  However, as explained above in Part IV.A.4, section 1692g(a) does not require debt collectors to verify the legitimacy of the underlying debts, and thus this claim is not cognizable.  The motion to amend is denied as futile with regards to this claim, without leave to replead as it would be futile.

## B. HIPAA CLAIMS

Defendants argue correctly that HIPAA does not provide a federal private right of action.  *See, e.g., Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases); *Mascetti v. Zozulin*, No. 3:09-cv-963, 2010 U.S. Dist. LEXIS 39003, (D. Conn. Apr. 20, 2010) ("Enforcement of the statute and its regulations is limited to the Secretary of Health and Human Services; thus, there is no private right of action.") (citing *Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007)).  Plaintiffs' HIPAA claims are dismissed as to all defendants without leave to replead as it would be futile.

The court does not opine as to whether HIPAA creates a legal duty of care which could form the basis of a state common law cause of action. *See generally I.S. v. Washington University*, No. 4:11cv235SNLJ, 2011 U.S. Dist. LEXIS 66043 (E.D. Mo. June 14, 2011) (noting that plaintiff cites to HIPAA as creating the  duty of care the violation of which would form the basis of a state common law negligence claim); *Acosta v. Byrum*, 638 S.E. 2D. 246 (N. C. Ct. App. 2006) (noting that plaintiff relies on HIPAA to establish the standard of care for a negligence

claim, the failure of which to meet constituted a basis for a state common law cause of action).

## 1. Violations of 45 CFR 164.502

Plaintiff alleges in his amended complaint that MSH and MSHI violated 45 C.F.R. 164.502 by failing to "make reasonable efforts to limit the use and dissemination of personal identifiable information, and to disclose the minimum necessary to accomplish the intended purpose."  Am. Compl. ¶ 9.  In his proposed second amended complaint plaintiff reiterates that claim against the MSH defendants and also levies the same claim against the NCG defendants.  2nd Am. Compl. ¶¶ 36-37.

45 C.F.R. 164.502 is a regulation promulgated under HIPAA, and as there is no federal cause of action under HIPAA, see supra Part IV.B, the court declines to recognize a private right of action under this regulation.  *Cf. Harmon v. Maury County*, No. 1:05-0026, 2005 U.S. Dist. LEXIS 48094, at *6 (M.D. Tenn. Aug. 31, 2005) (noting that 45 C.F.R.164.502 is promulgated under HIPAA, and that "[n]o federal court reviewing the matter has ever found that Congress intended HIPAA to create a federal private right of action.") (quoting *Dominic J. v. Wyo. Valley W. High Sch.*, 362 F. Supp. 2d 560, 572 (M.D. Pa. 2005)).  Because this claim is not cognizable, the court dismisses this claim, and denies the motion to amend as futile as to this claim.

## VI. STATE LAW CLAIMS

Plaintiff alleges a number of state law claims, including negligence, breach of contract, tortious interference with contract, breach of fiduciary duty of medical privacy, and breaches of Connecticut privacy statutes and regulations. Because the court dismisses plaintiff's federal law claims, and because plaintiff has failed to establish diversity jurisdiction, the court will decline to exercise jurisdiction over plaintiff's state law claims, and will dismiss them without prejudice to re-filing in state court.  "[T]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (noting that although dismissal of the state law claims is not mandatory "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction"). The plaintiff bears the burden of proving that the court has jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists").  Devine has asserted that jurisdiction is based on federal question jurisdiction and supplemental jurisdiction.  His complaints allege that:

> **Jurisdiction is founded upon multiple violations of Title 15, Section 1692 of the United States Code, commonly referred to as The Fair Debt Collection Practices Act, the Health Insurance Portability and Accountability Act of 1996, and is an action to recover compensatory and punitive damages against the subject defendants for various violations of The Fair Debt Collection Practices Act, and the medical privacy statutes of the State of Connecticut violated as a result of the convergent acts of the defendants, acting both jointly and severally.**

Am. Compl. at 1; 2nd Am. Compl. at 1.  The facts as alleged, were they sufficient to maintain a claim, would have established federal question jurisdiction only. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  The facts alleged suggest that there is no diversity jurisdiction. Although the plaintiff does not state where he resides, he filed the action in Connecticut District court and provided the court a Connecticut post office box as his mailing address.  The Complaint also alleges that all of the defendants are either Connecticut entities or employees of Connecticut entities.  Therefore the Court concludes that it does not have diversity jurisdiction.

If plaintiff wishes to reassert the basis for the Court's jurisdiction, he must file a motion to amend, accompanied by an amended complaint that adequately alleges facts establishing jurisdiction, which allegations must be more than naked assertions unsupported by factual enhancement, on or before the fourteenth day following the date of this decision. Failure to file a motion to amend on or before the fourteenth day following the date of this decision, or failure to include sufficient allegations in the proposed amended complaint will result in final dismissal of this action.

## VII. CONCLUSION

Based upon the above reasoning, defendants' motions to dismiss are granted, and plaintiff's motion to amend is denied.  To the extent that the document at docket number 56 can be construed as a motion for the court to grant his motion to amend, that motion is denied for the reasons described above.  For the claims that the court has granted leave to replead, the motion to amend must be filed on or before October 14, 2014.  Failure to file a motion to amend on or before October 14, 2014, or to otherwise comply with the above instructions regarding repleading of those claims, will likely result in final dismissal of those claims and this action. Such dismissal is without prejudice to any rights the Plaintiff may have to file the state law claims in state court.

Finally, the court having taken notice of the state court litigation between plaintiff and MSH, see supra footnote 2, the court notes that plaintiff's full name appears on that docket in that action as Robert Devine.  As plaintiff has not sought or obtained approval of the court to proceed under a pseudonym, the court orders the clerk to amend the docket to reflect plaintiff's full name.
IT IS SO ORDERED.


_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge


Dated at Hartford, Connecticut: September 30, 2014